### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTONIO MICHAEL BYRD,    :
            :
    **Plaintiff,**    :
            :
  **v.**         :
            :  **CIVIL ACTION No. 18-5248-RAL**
ANDREW M. SAUL,     :
**Commissioner of Social Security,** :
            :
    **Defendant.**   :
            :

### MEMORANDUM OPINION

Upon consideration of Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), ECF Doc. No. 24, the Commissioner's response thereto, ECF Doc. No. 25, and the Plaintiff's Reply, ECF Doc. No. 26, I have granted the Plaintiff's motion, and ordered the Commissioner to pay attorney's fees pursuant to EAJA to Plaintiff in the amount of $9,640.80. The reasons for this award are set forth below.

I.  The Litigation.

Plaintiff Antonio Byrd filed a complaint against Andrew M. Saul, Commissioner of Social Security, in December of 2018. ECF Doc. No. 2. On April 19, 2019, Mr. Byrd filed his brief, through counsel David Chermol, Esq., raising three issues: (1) The ALJ's residual functional capacity (RFC) finding is, in actuality, an RFC for sedentary work, which would require a finding of disability; (2) The ALJ committed legal error in his application of the Agency's mandatory Program Operations Manual System (POMS) rules, and in failing to explain his decision to apply the rules for light, rather than sedentary work, despite limiting Plaintiff to two hours of standing and/or walking per

work day; and (3) The presiding ALJ was not properly appointed under the Constitution and, therefore, lacked legal authority to hear and decide this case. ECF Doc. No. 12 at page 2.

On May 6, 2019, the Commissioner filed a substantive response. ECF Doc. No. 13. On May 13, 2019, Plaintiff filed his reply. ECF Doc. No. 14. On June 25, 2019, the Commissioner moved for a stay of the litigation pending the outcome of the appeal in *Cirko on behalf of Cirko v. Commissioner of Social Security*, then pending in the Third Circuit. ECF Doc. No. 15. The Plaintiff opposed the motion. ECF Doc. No. 16. On August 1, 2019, I denied the motion for stay. ECF Doc. No. 17. On January 23, 2020, I entered judgment in favor of the Plaintiff, and remanded the case for a rehearing before a properly appointed ALJ. ECF Doc. Nos. 19 and 20. The Commissioner appealed the judgment to the Third Circuit on March 20, 2020 but dismissed the appeal on April 28, 2020. ECF Doc. Nos. 21-23.

II.    The Motion for Attorney's Fees.

Plaintiff filed a motion for attorney's fees pursuant to EAJA on May 25, 2020. ECF Doc. No. 24. Plaintiff sought payment for 44.9 hours of work, at the rate of $206 per hour, as the prevailing party.[1] Plaintiff included a Statement of Attorney Time Expended, documenting the hours expended on the case. Plaintiff argued that the government's position was not substantially justified and requested additional fees as required, "If SSA files a frivolous EAJA response as it has done in several cases[.]" *Id.* at 4.

---

[1] The total sought by Plaintiff was initially $9,249.40. For the additional time expended filing a reply to the Commissioner's opposing response, Plaintiff seeks an additional $391.40.

On June 5, 2020, the Commissioner filed a response in opposition to the motion. ECF Doc. No. 25. The Commissioner alleged that its position in the litigation was substantially justified, and thus no fees should be awarded. In the alternative, the Commissioner argued that the fees requested were unreasonable, as defined in *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983), and requesting a reduction in the fee to $5,000.00.[2] The Commissioner did not dispute the rate of $206 per hour, which Plaintiff had calculated from the statutory amount of $125.00 per hour based upon the Consumer Price Index prepared by the Bureau of Labor and Statistics. *See* www.bls.gov.[3]

Although the Commissioner appears to acknowledge in his conclusory paragraph that the Plaintiff appropriately raised issues other than the constitutionality of the ALJ's appointment in his brief, he also argues that Plaintiff is not entitled to the amount of fees the Plaintiff contends was necessary in order to research and write those arguments.

> Should this Court reject the substantial justification position above, the Commissioner opposes Plaintiff's motion because he seeks an unreasonable number of hours for his attorney's work, especially given that remand here was based on Plaintiff's Appointments Clause argument only. This argument, raised by counsel in other cases, consisted of boilerplate language found in other briefs.

ECF Doc. No. 25 at 9.

Although the Commissioner argues in a general way that an attorney moving for fees pursuant to EAJA should "exclude from a fee request hours that are excessive,

---

[2] The Commissioner does not make any argument regarding what specific hours contained in Plaintiff's billing should be reduced, arguing instead that Plaintiff is entitled to $5,000 "to cover the hours necessary to cut and paste the same argument [the constitutionality of the ALJ's appointment] and develop his other arguments." ECF Doc. No. 25 at 9.

[3] Dividing $206 per hour into $5,000 would yield approximately 24.25 hours, or a reduction of more than 20 hours.

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission," quoting *Hensley*, 461 U.S. at 434, the Commissioner makes no specific argument regarding which fees, if any, he contends are excessive, redundant, or unnecessary, other than noting the fact that Plaintiff's third argument regarding the Appointments Clause, which was ultimately the successful one, was copied and pasted in several briefs filed by Plaintiff's counsel in other cases. Although not explicitly stated, it appears the Commissioner is urging a reduction in Plaintiff's fees because the Plaintiff only won on the Appointments Clause issue, and not the other two substantive issues raised.[4]

Plaintiff filed a reply on June 11, 2020, ECF Doc. No. 26, arguing that the Commissioner cannot meet his burden of establishing substantial justification. *Id.* at 2-9. Regarding the Commissioner's other objections regarding Plaintiff's other issues, Plaintiff noted that the case cited by the Commissioner, *Small v. Berryhill*, 18-cv-5043-CSMW (E.D. Pa.) is not reported in Westlaw, and therefore the opinion was unavailable for Plaintiff to review.[5] Plaintiff further argues that the Commissioner's position that a flat fee of $5,000 is appropriate here does not take into account the fact that 40 to 50 hours has repeatedly been found by courts around the country to be a reasonable amount of time to investigate and bring such appeals. Finally, the Plaintiff suggests that the vexatious nature of the Commissioner's objection to EAJA fees in this case, and others in which the cases have been remanded due to a violation of the Appointments Clause, would support an award of both 1.9 hours of additional fees for the Plaintiff's

---

[4] Because the case is to be remanded to a different, constitutionally appointed ALJ, there was no reason for the other two issues to be addressed in the opinion.

[5] Because of the sensitive personal information frequently contained in Social Security appeals, the dockets and parties' filings are not available to the public through PACER or other online products, as other litigation may be.

preparation of its reply brief, and so-called "bad faith" fees, which would allow for billing at the much higher rate of $595 per hour under the Department of Justice's Laffey Matrix. *Id.* at 12-13.

III.    Resolution of the Fee Dispute.

Where the government asserts a position that has not been precluded by controlling precedent, that position may be "substantially justified," thus avoiding an award of attorneys' fees. *See Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 131 (3d Cir. 1993) ("neither the Supreme Court nor this court has addressed the argument raised by the FDA in the merits litigation"). But where the government advocates a position that "clearly offends . . . established precedents," it "has no reasonable basis and is not substantially justified," making an award of attorneys' fees appropriate under EAJA. *Washington v. Heckler*, 756 F.2d 959, 968 (3d Cir. 1985); *see Grossberg v. Barnhart*, 2005 WL 703736, at *2 (3d Cir. 2005) (not precedential) (finding the Social Security Administration's position was not "substantially justified" because the ALJ's opinion was in "clear contradiction" of Third Circuit precedent). The government's position in this case was in clear contradiction of *Sims v. Apfel*, 530 U.S. 103 (2000).

The government argued that plaintiff was required to exhaust the Appointments Clause issue before the Administrative Law Judge. ECF Doc. No. 13 (hereafter "Def. Br.") at 10. In *Sims*, the Supreme Court held that issue exhaustion was not required in Social Security disability litigation by statute, by administrative regulation, or by judicial rule. *Sims*, 530 U.S. at 107-110. The government was entitled to argue in good faith that clearly applicable Supreme Court precedent should be distinguished or reevaluated. But a good faith argument sufficient to avoid sanctions under Fed. R. Civ. Pro. 11 is not the

same as a "substantially justified" position under EAJA. When the government chooses to advance a position that controlling precedent has rejected, it must do so "on its own dime," so to speak, under EAJA. The Third Circuit's opinion in *Cirko on behalf of Cirko v. Comm. of Social Security*, 948 F.3d 148 (3d Cir. 2020) simply applied *Sims* to the facts of this case, finding that issue exhaustion was not required. *Cirko*, 948 F.3d at 155. The outcome was entirely predictable, given the clear language of *Sims*. The holding in *Sims* is almost 20 years old and has not been seriously questioned since. The Social Security Administration's position "clearly offend[ed] . . . established precedent[]" and was not substantially justified, under EAJA.

The Commissioner argues in his opposition to the Plaintiff's Motion for Attorney's Fees that many district courts throughout the country adopted its position, and that this widespread adoption suggests that its position was "substantially justified." ECF Doc. No. 25 (hereafter "Def. Resp.") at 5-6. As I have pointed out previously, the district court opinions adopting the Commissioner's position do so, in the vast majority of cases, without detailed analysis, and certainly without taking into account the clearly applicable holding in *Sims*. The reality of our federal system is this: if the Supreme Court has announced the law on a given subject, that is the law for district courts, whether or not all 94 district courts say otherwise. If the government chooses to challenge that law, it may do so through litigation. But under EAJA it does so at its own risk: it cannot force Social Security disability applicants to pay for attorneys to enforce a legal principle previously settled by the Supreme Court. I therefore find that the Commissioner's position was not substantially justified in this case.

The only issue remaining, therefore, is whether the fees detailed by Plaintiff's counsel in handling this litigation are reasonable. Once the party seeking fees has

provided an attorney's affidavit attesting to the hours expended, the court may only reduce the requested hours if the opposing party raises specific challenges to the accuracy or necessity of the time assigned to specific tasks. *See United States v. Eleven Vehicles*, 200 F.3d 203, 211-12 (3d Cir. 2000), citing *Cunningham v. City of McKeesport*, 753 F.2d 262, 266 (3d Cir. 1985).

The Commissioner makes little in the way of specific claims that one or more entries in Plaintiff's Statement of Attorney Time Expended was unreasonable, (ECF Doc. No. 24-1), merely arguing that a flat fee of $5,000 is "reasonable," because (1) "the identical substantive issues were raised in the case of *Small v. Berryhill*, 5:18-cv-05043-CSMW, E.D. Pa. and this Court affirmed the Commissioner's decision on November 21, 2019[, t]hus, this Court has already rejected the arguments raised by Plaintiff in this matter;" and (2) the issue on which Plaintiff prevailed, concerning the failure to constitutionally appoint the ALJ who heard the case, was "cut and pasted" from other cases also handled by Plaintiff's counsel. I am not persuaded by either argument.

Plaintiff's counsel began his file review, identification of legal issues, and drafting of his brief on April 12, 2019, and spent a little more than three days reviewing the file, which was large, containing more than 1,000 pages, researching, and writing the Plaintiff's opening brief. *See* ECF Doc. No. 24-1, pp. 2-3, entries for 4/12/19, 4/14/19, 4/17/19, and 4/18/19. Of the total time charged by Plaintiff's counsel, these four entries account for 28.7 of the 44.9 hours charged. I find, having read the merits briefs from both parties in this case, that Plaintiff's counsel consistently put in a great deal of effort to produce his written product. Such effort takes time, especially when there is a lengthy record, as there was here. I find that the Commissioner's criticisms unfairly impugn Plaintiff's counsel for working hard to produce a good product. Working hard for that

goal is not to be discouraged; rather, it should be rewarded by fair compensation.
Furthermore, I agree with Plaintiff's position in his reply brief, ECF Doc. No. 26 at 9-10,
that EAJA fees should not be denied because another judge in this court decided a
similar issue in favor of the Commissioner. It was the duty of Plaintiff's counsel to
identify and brief all potential issues that counsel believed had a likelihood of success.
Even if Plaintiff's counsel had a way of reviewing the documents in *Small v. Berryhill*,
18-cv-5043-CSMW (E.D. Pa.), because Social Security litigation is naturally fact-driven,
it is unlikely that another judge's decision on different facts would have altered the
calculus here in favor of abandoning the issues.

I also disagree with the Commissioner's argument that Plaintiff's fees should be
reduced because his third argument, that the ALJ was improperly appointed, was
similar to arguments raised in other cases handled by Plaintiff's attorney. First, a
general claim that the Plaintiff used arguments "cut and pasted" from other cases, with a
request to cut the fees by nearly half, is not a "specific challenge" as contemplated in
*Eleven Vehicles*, 200 F.3d at 211-12, or *Cunningham*, 753 F.2d at 266. The
Commissioner does not point to any specific date or any specific task in the fee
statement as having been unreasonably charged, making only the blanket argument that
the dollar amount of the fee should be reduced by close to fifty percent. Second, simply
because an attorney utilizes a legal argument that he has written in a separate case does
not mean that he has failed to expend time on the case at issue assuring that he is
making a proper argument. As recently noted by Magistrate Judge Carole Sandra Moore
Wells in *Armstrong v. Saul*, No. 19-cv-2094 (E.D. Pa. June 9, 2020):

> although the Appointments Clause arguments counsel raised in this case were
> similar to arguments he presented in other cases, counsel's time was required to
> tailor his arguments to the facts in this case. While the Commissioner may think

that this effort is unjustified, this court disagrees. Making sure that arguments one has raised in a different case fit the instant matter is precisely what a good lawyer should and would do. That effort takes time. This court finds that the work product of Plaintiff's counsel illustrates that he spent his time litigating this case effectively and reasonably.

*Id.* at 7.

Finally, although I have included payment to the Plaintiff of an additional 1.9 hours at the rate of $206 per hour for preparation of a reply in the EAJA litigation, I will decline to find that the Commissioner acted in bad faith such that an award of fees at the market rate of $595 per hour is appropriate. Although there appears to be no Third Circuit case addressing the topic, other courts finding such an award appropriate have indicated conduct by the losing party during the litigation that would be considered more egregious than that engaged in by the Commissioner here. *See Hyatt v. Shalala*, 6 F.3d 250, 255–56 (4th Cir. 1993) (granting of market rate fees based on "conduct that continued throughout th[e] litigation")*; Brown v. Sullivan*, 916 F.2d 492, 496 (9th Cir. 1990) ("Still, despite the court order, the Secretary failed to produce the transcription within the ordered time period."); *Aero Corp. v. Dep't of the Navy*, 558 F. Supp. 404, 420 (D.D.C. 1983) ("The facts demonstrate bad faith *in the litigation*, including failure to follow Court Orders, and not merely a failure to follow the law." (emphasis in original)); *Hinton v. Sullivan*, No. 84 CIV. 9276 (CES), 1991 WL 123960, at *1 (S.D.N.Y. July 2, 1991) (failure to follow court's remand order); *Velazquez v. Heckler*, 610 F. Supp. 328, 332 (S.D.N.Y. 1984) (finding pursuit of the litigation and refusal to remand supported bad faith claim); *Mendoza v. Comm'r of Soc. Sec.*, No. CV 13-617 (CCC), 2017 WL 1900724, at *5 (D.N.J. May 9, 2017) ("Plaintiff has not shown that a remand order from the Appeals Council serves to establish 'a clear statutory or judicially-imposed duty

towards another[,]'" quoting *American Hospital Ass'n v. Sullivan*, 938 F.2d 216, 220 (D.C. Cir. 1991)).

An appropriate order has been filed, in conformity with this memorandum opinion.

BY THE COURT:


_/s Richard A. Lloret_____
RICHARD A. LLORET
U.S. Magistrate Judge